# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

CLAY D. HAMILTON, SR.                                                    PLAINTIFF

v.                                    No. 4:15CV00071 JLH

PAS INC., *et al*.                                                       DEFENDANTS

## <u>OPINION AND ORDER</u>

This case is an attempt to resurrect a decades-old copyright dispute.  Clay D. Hamilton, Sr., contends that he owns the copyright to a particular computer software system, the RX-1 Pharmacy Software Computer Program.  That issue was decided against him in prior cases, one of which was E.D. Ark. No. 4:89CV00712-ETR, in which this Court entered judgment in favor of a receiver for PAS, Inc., against Hamilton based on a jury verdict finding that PAS, Inc., owned the copyright to the RX-1 Pharmacy Software Computer Program.  On the same day that the judgment was entered – June 5, 1992 – this Court also issued a permanent injunction prohibiting Hamilton from representing that he owns the copyright to the computer software program at issue.  In his initial complaint in the present action, Hamilton also identified two other cases, one Pulaski County Chancery Court, Case No. DR-84-833, and Pulaski County Circuit Court, Case No. 92-94, which were decided against him and as to which he alleges that fraud was committed on the courts.  In an amended complaint, Hamilton reported that he has also litigated this issue in several other courts. Hamilton seeks to overturn the prior judgments against him pursuant to Federal Rule of Civil Procedure 60(d)(1) and (3).

PAS, Inc., and several other defendants have filed a motion to dismiss the complaint and the amended complaint.  For reasons that will be explained, the motion is granted as to all defendants.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  The court must accept as true all of the factual allegations contained in the complaint, *Twombly*, 550 U.S. at 572, 127 S. Ct. at 1975, and must draw all reasonable inferences in favor of the nonmoving party.  *Cole v. Homier Distrib. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010).  The complaint must contain more than labels, conclusions, or a formulaic recitation of the elements of a cause of action, which means that the court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965.

For well known and sound reasons, principles of finality ordinarily preclude a party from continuing to litigate a claim or issue that has been decided against that party.  "The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S. Ct. 2161, 2171, 171 L. Ed. 2d 155 (2008).  Claim preclusion occurs where "a valid final adjudication of a claim precludes a second action on that claim or any part of it." *Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 233 n.5, 118 S. Ct. 657, 664, 139 L. Ed. 2d 580 (1998).  A three-part inquiry is used to determine if claim preclusion applies: "(1) whether the prior judgment was rendered by a court of competent

2

jurisdiction; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases." *Banks v. International Union Electronic, Elect., Technical, Salaried and Machine Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004). All three elements of claim preclusion are present here as to Hamilton and PAS, Inc. "Issue preclusion bars the relitigation of an issue that was actually litigated in a prior action and was determined by, and essential to, a valid and final judgment." *Smith v. Johnson*, 779 F.3d 867, 871 (8th Cir. 2015). Issue preclusion applies when: "(1) the issue sought to be precluded is the same as the issue involved in the prior litigation, (2) the issue was actually litigated, (3) the issue was determined by a valid and final judgment, and (4) the determination was essential to the judgment." *Germain Real Estate Co., LLC v HCH Toyota, LLC*, 778 F.3d 692, 695 (8th Cir. 2015). All of these elements are met on the issue of whether Hamilton owns the copyright to the RX-1 Pharmacy Software Computer Program, which is the heart of his claim as to each defendant.

Despite the principles of res judicata, Federal Rule of Civil Procedure 60 provides for relief from a judgment or order under specified circumstances. Rule 60(b)(3) authorizes a motion for relief from a final judgment for fraud. In addition, courts have equitable authority to set aside a judgment for fraud. *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 64 S. Ct. 997, 88 L. Ed. 1250 (1944). Thus, Rule 60(d)(1) provides that Rule 60 does not limit a court's power to entertain an independent action to set aside a judgment. 11 Wright & Miller, Federal Practice & Procedure: Civil § 2868 (3d ed. 2012). Rule 60(d)(3) permits an independent action to set aside a previous judgment due to fraud on the court when the previous case involved egregious misconduct representing a corruption of the judicial process, such as bribery of a judge or jury or fabrication of evidence by counsel. *Id*. at 2870. *See also Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d

873, 878 (8th Cir. 2010); *In re Coordinated Pretrial Proceedings in Authentic Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976). Conduct that involves only a wrong between the parties, not a direct assault on the integrity of the judicial process, does not justify relief under Rule 60(d)(3). 11 Wright & Miller, Federal Practice & Procedure: Civil § 2870 (3d ed. 2012). Rather, an independent action under Rule 60(d) must "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *U.S. v. Beggerly*, 524 U.S. 38, 46, 118 S. Ct. 1862, 1867, 141 L. Ed. 2d 32 (1998). Hamilton's complaint and amended complaint make no allegations of misconduct that could meet this high standard. Instead, Hamilton's allegations hardly amount to more than the conclusory assertion that he owns the copyright at issue and therefore the prior decisions against him must have been the product of fraud on the court.[1]

Furthermore, if an independent action for relief from a judgment is "brought in a court other than the one that gave the original judgment, independent grounds of jurisdiction are needed." 11 Wright & Miller, Federal Practice & Procedure: Civil § 2868 (3d ed. 2012). The only federal question raised by Hamilton is his claim to own the copyright to the RX-1 software, but that claim was decided against him in this Court twenty-three years ago. At least one of the defendants is a citizen of the State of Arkansas, as is Hamilton, so this Court lacks diversity of citizenship jurisdiction. *See E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (diversity

---

[1] In a brief Hamilton says that at some point he "entered a copy of a document showing that I had attempted to transfer my RX-1 copyright to PAS" but "the rejected transfer document was destroyed." Document #33 at 4. Even if this assertion were alleged in the complaint, it would not suffice to allege fraud on the court. Hamilton never alleges who destroyed the document, when it was destroyed, the circumstances surrounding its destruction, what happened to other copies, or how the document would have proven his claims. Circumstances of fraud must be alleged with particularity, Fed. R. Civ. P. 9(b), which Hamilton fails to do.

jurisdiction requires "complete diversity," which exists when no defendant is a citizen of the same state as the plaintiff).  Accordingly, all of Hamilton's claims must be dismissed.

### CONCLUSION

The defendants' motion to dismiss is GRANTED.  Document #20.  Clay D. Hamilton, Sr.'s complaint is dismissed in its entirety.

IT IS SO ORDERED this 27th day of April, 2015.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE